IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN GUIDOTTI on behalf of herself and other class members similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LEGAL HELPERS DEBT RESOLUTION, L.L.C., et al.,<br><br>　　　　　　Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 11-1219 (JBS/AMD)<br><br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, Chief Judge:

　　This matter is currently before the Court on a motion to stay pending appeal by Defendants Global Client Solutions, LLC ("Global") and Rocky Mountain Bank & Trust ("RMBT") (collectively "Defendants"). [Docket Item 123.]  Defendants have filed an interlocutory appeal to the Third Circuit of this Court's December 20, 2011 decision, [Docket Item 102], which denied a motion to compel arbitration.  Defs.' Br. in Supp. of Mot. to Stay; [Docket Item 123.]  Defendants argue that a stay is appropriate because Defendants timely filed an interlocutory appeal pursuant to Section 16 of the Federal Arbitration Act ("FAA"), and an appeal under Section 16 automatically divests

this Court of jurisdiction to proceed until the appeal has been fully litigated [Id.]  THE COURT FINDS AS FOLLOWS:

1. The facts of this case are set forth in this Court's December 20, 2011 Opinion.  [Docket Item 102]; Guidotti v. Legal Helpers Debt Resolution, L.L.C., --- F. Supp. 2d ---, 2011 WL 6720936 (D.N.J. Dec. 20, 2011).  This case is a putative class action alleging a conspiracy to commit unlicensed debt adjustment services in violation of the New Jersey Debt Adjustment and Credit Counseling Act, N.J. Stat. Ann. § 17:16G-1 et seq., the New Jersey RICO statute, N.J. Stat. Ann. § 2C:41-1 et seq., the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2 et seq., and various other common law causes of action.  Id. at *1.  Plaintiff named twenty two defendants and charged all defendants collectively with eight different causes of action.  Id.

2. This Court's December 20, 2011 decision resolved three separate pairs of motions to dismiss and/or compel arbitration.  [Docket Items 20, 21, 23, 24, 26, & 27.]  These three pairs of motions were filed by three groups of defendants.  Guidotti, 2011 WL 6720936, at *2.  The first group, the "Law Firm Defendants," connects to this action through Plaintiff's contract for legal and debt negotiation services.  Id.  This group includes two organizational entities, Legal Helpers Debt

2

Resolution, LLC ("LHDR") and Eclipse Servicing, Inc. ("Eclipse"), and seven individual lawyers and corporate officers affiliated with these organizations. Id.

3. The second group, the "Bank Defendants," connects to this action through Plaintiff's contract to open and operate a special bank account out of which she would pay LHDR and Eclipse's fees and in which she would save money that was intended ultimately to be paid to her settling creditors. Id. at *3. Plaintiff names Rocky Mountain Bank & Trust ("RMBT") as the financial institution where she opened this account and Global Client Solutions ("Global") as the "processing agent" that would operate the automatic fund transfers into this account and automatic payments out of it to LHDR and Eclipse. Id.

4. There are other defendants currently actively litigating in this action, such as Defendants Joel Gavalas and JG Debt Solutions, L.L.C. These Defendants were not party to the motions resolved in the December 20, 2011 Opinion, and they are not implicated in the instant motion to stay pending appeal.

5. On December 20, 2011, this Court granted the Law Firm Defendants' motion to compel arbitration and consequently denied the Law Firm Defendants' motion to dismiss as moot. Guidotti, 2011 WL 6720936, at *13. Therefore, the Court dismissed from

the action Defendants LHDR, Eclipse, Macey, Aleman, Searnes, Hyslip, Nicely, Duncan, and Hedaya.  Id.  However, the Court denied the Bank Defendants' motion to compel arbitration, concluding that Plaintiff did not manifest an intention to be bound by the arbitration clause because the clause was insufficiently incorporated into the agreement Plaintiff signed.  Id. at *17.  Additionally, the Court denied the motion to dismiss for lack of personal jurisdiction or failure to state a claim by Defendants Global and RMBT.  Id. at *20.

6.   On January 17, 2012, Defendants Global and RMBT filed a notice of appeal pursuant to Section 16 of the Federal Arbitration Act ("FAA").  [Docket Item 104.]  The appeal is presently pending in the United States Court of Appeals for the Third Circuit.  See Third Circuit Docket No. 12-1170.  Global and RMBT's initial appellate brief was filed with the Third Circuit on May 17, 2012.  Id.  The parties have not yet engaged in any discovery, and there are no pending deadlines in this Court.

7.   On April 13, 2012, Defendants Global and RMBT filed the present motion to stay pending appeal of this Court's December 20, 2011 decision.  [Docket Item 123.]  Plaintiff filed opposition on April 19, 2012.  [Docket Item 126.]  On April 30, 2012, Defendants filed their reply.  [Docket Item 127.]

4

8. In <u>Ehleiter v. Grapetree Shores, Inc.</u>, 482 F.3d 207, 215 n.6 (3d Cir. 2007), the Third Circuit held that an appeal pursuant to §16(a) of the FAA automatically deprives the district court of jurisdiction to proceed, so long as the appeal is neither frivolous nor forfeited.  This ruling has been recognized by other district courts in this Circuit since the <u>Ehleiter</u> decision.  "According to the majority of courts of appeals, this standard strikes an appropriate balance between the following competing concerns: promoting efficient dispute resolution; avoiding inconsistent handling of a case; and preventing a party from disrupting a schedule or 'stalling' by filing a frivolous appeal."  <u>Kirleis v. Dickie, McCamey & Chicolte, PC</u>, Civ. No. 06-1495, 2007 WL 3023950, at *2 n.3 (W.D. Pa. Oct. 12, 2007) (referencing several cases, including <u>McCauley v. Halliburton Energy Servs., Inc.</u>, 413 F.3d 1158, 1162-63 (10th Cir. 2005); <u>Blinco v. Green Tree Servicing, LLC</u>, 366 F.3d 1249, 1253 (11th Cir. 2004); <u>Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.</u>, 128 F.3d 504, 505 (7th Cir. 1997)).

9. For purposes of determining whether the Court can retain jurisdiction over Plaintiffs' claims against Global and RMBT here, where the appeal is currently pending and has not been forfeited, the only consideration is whether

5

Defendants' appeal is frivolous.  The Court must apply an objective standard to determine whether the appeal is frivolous.  See Quiroga v. Hasbro, Inc., 943 F.2d 346, 347 (3d Cir. 1991).  More specifically, "[t]he test is whether, following a thorough analysis of the record and careful research of the law, a reasonable attorney would conclude that the appeal is frivolous."  Id. (quoting Hilmon Co. (V.I.) v. Hyatt Int'l, 899 F.2d 250, 253 (3d Cir. 1990)).  An appeal is frivolous if, upon review of the record and the law, it lacks "colorable support" or is "wholly without merit."  Nagle v. Alspach, 8 F.3d 141, 145 (3d Cir. 1993).

    10.  The Third Circuit "has been reluctant to classify appeals as frivolous, so that novel theories will not be chilled and litigants advancing any claim or defense which has colorable support under existing law or reasonable extensions thereof will not be deterred."  Hilmon Co., 899 F.2d at 253.

    11.  Under the circumstances presented here, the Court does not find Defendants' appeal frivolous.  Defendants' appeal is not "wholly without merit" and does not lack "colorable support"   See Nagle, 8 F.3d at 145.  This decision best comports with the goals of promoting efficient dispute resolution and avoiding inconsistent

handling of a case.  See Kirleis, 2007 WL 3023950, at *2 n.3.  Therefore, Defendants' motion will be granted.

    12.  Based on the foregoing reasons, the Court will grant Defendants' motion to stay pending appeal.  The order to stay will apply only to Plaintiff's claims against Global and RMBT, the sole parties to the pending appeal.  The accompanying Order will be entered.

**August 7, 2012**                        **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                           Chief U.S. District Judge