IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

DAWN GUIDOTTI, on behalf of
herself and other class
members similarly situated,

        Plaintiff,

   v.

LEGAL HELPERS DEBT RESOLUTION,
L.L.C., et al.,

        Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 11-1219 (JBS/KMW)

**OPINION**

**SIMANDLE, Chief Judge:**

This matter comes before the Court by way of Plaintiff Dawn Guidotti's (hereinafter, "Plaintiff") motion challenging the entitlement of Defendants Global Client Solutions, LLC and Rocky Mount Bank & Trust (collectively, "Defendants") to a jury trial on the question of whether the parties formed an agreement to arbitrate. [See Docket Item 186.] The pending motion calls upon the Court to consider the effect of a general jury trial demand under Rule 38, Fed. R. Civ. P., on the special jury demand provisions of Section 4 of the FAA.

In resolving this issue, Plaintiff claims that Defendants cannot, despite Plaintiff's demand for a jury on all triable issues, claim a jury trial right on the issue of arbitration, because Section 4 of the FAA, 9 U.S.C. § 4, limits the right to demand a jury trial to the party "resisting arbitration" (here,

Plaintiff).  (Pl.'s Br. at 2; see also Pl.'s Reply at 3.)  In
that way, Plaintiff claims that Section 4 of the FAA carves out
a specific procedure for making a jury demand in the context of
an arbitration dispute, and renders inapplicable the parties'
"general jury trial demand" under Federal Rule of Civil
Procedure 38.  (Pl.'s Br. at 4.)  Defendants argue, by contrast,
that the Section 4 of the FAA "creates an orderly" jury demand
process **when a jury request has not already been made.**"
(Defs.' Opp'n at 13 (emphasis in original).)  In other words,
Defendants advance the view that Section 4 of the FAA operates
in the absence of a timely jury demand under Federal Rule of
Civil Procedure 38.[1]  (Id. at 8-13.)

     Federal Rule of Civil Procedure 38 preserves the parties
"inviolate" right of trial by jury and provides, in relevant
part, that "a party may demand a jury trial" on any issue so
triable by making a written demand in the initial pleadings.[2]
FED. R. CIV. P. 38(a)-(b).  In making a demand under Rule 38,
however, a party "is considered to have demanded a jury trial on
all the issues so triable," unless it specifies "the

---

[1] Here, Plaintiff has demanded, in each of her Complaints, "a
trial by jury on all issues in accordance with the Rules of this
Court."  [See, e.g., Docket Item 4.]
[2] Federal Rule of Civil Procedure 39 provides, in turn, that
"[w]hen a jury trial has been demanded under Rule 38, the action
must be designated on the docket as a jury action," and must
proceed accordingly.  FED. R. CIV. P. 39(a).

[particular] issues that it wishes to have tried by a jury."
FED. R. CIV. P. 38(c).  In other words, Rule 38 presents a party
seeking a jury trial with a choice: either list specific issues
for the jury to consider, or make a general demand, which will
be deemed to cover all issues triable to a jury.  See id.

Section 4 of the FAA, by contrast, provides that,

> [i]f the making of the arbitration agreement or the
> failure, neglect, or refusal to perform the same be in
> issue, the court shall proceed summarily to the trial
> thereof. If no jury trial be demanded by the party
> alleged to be in default, or if the matter in dispute
> is within admiralty jurisdiction, the court shall hear
> and determine such issue. Where such an issue is
> raised, the party alleged to be in default may, except
> in cases of admiralty, on or before the return day of
> the notice of application, demand a jury trial of such
> issue, and upon such demand the court shall make an
> order referring the issue or issues to a jury in the
> manner provided by the Federal Rules of Civil
> Procedure, or may specially call a jury for that
> purpose. If the jury find that no agreement in writing
> for arbitration was made or that there is no default
> in proceeding thereunder, the proceeding shall be
> dismissed. If the jury find that an agreement for
> arbitration was made in writing and that there is a
> default in proceeding thereunder, the court shall make
> an order summarily directing the parties to proceed
> with the arbitration in accordance with the terms
> thereof.

9 U.S.C. § 4 (emphasis added).  In other words, Section 4 of the
FAA plainly envisions that the party resisting arbitration may,
upon the filing of a motion to compel arbitration (or similar
application), make a separate demand for a jury trial on the
specific issue of arbitration (and at a later stage of the
proceedings than envisioned by Rule 38).  See id.  Against that

backdrop, the issue becomes whether Section 4 of the FAA can be
harmonized with Rule 38 (the position staked out by Defendants),
or whether Section 4 of the FAA prescribes a separate and
exclusive path for demanding a jury on the issue of arbitration
(the contrary position advanced by Plaintiff).

Few courts, if any, have addressed the interlocking nature
of Section 4 of the FAA and Rule 38.  Rather, most courts—
included those cited to by Plaintiff—simply recognize that the
FAA permits the party allegedly in default of a binding
arbitration clause to have the issue heard by a jury, and make
no mention of the parties' independent demand under Rule 38,
see, e.g., Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., 636
F.2d 51, 54 (3d Cir. 1980) ("the party who is contesting the
making of the agreement has the right to have the issue
presented to a jury"); Estate of Hodges v. Meadows, No. 12-1698,
2013 WL 1294480, at *2 (E.D. Pa. Mar. 29, 2013) (citations
omitted) ("The party allegedly in default of a binding
arbitration clause may request to have the issue heard by a
jury."), or considered circumstances where the parties did not
demand a jury trial under Rule 38.  See, e.g., Nebraska Mach.
Co. v. Cargotec Sols., LLC, 762 F.3d 737, 743-44 (8th Cir. 2014)
(explaining that only "'the party in default'" has "the
statutory authority to demand a jury trial," in a case in which
the party resisting arbitration had not demanded a jury in its

4

pleading).  These cases, however, provide little if any authority from which to divine the relationship between Rule 38 and Section 4 of the FAA, nor any support for Plaintiff's position on the inapplicability of Rule 38.

Textually, this provision of Section 4 of the FAA is triggered only "if no jury trial be demanded by the party alleged to be in default," and thus Section 4 does not apply here.  Plaintiff unmistakably demanded a jury trial on all issues, including this one, and defendants may rely on plaintiff's demand without further action on defendants' part pursuant to Rule 38(b), Fed. R. Civ. P.

Nor can the Court cast aside the parties' general jury demands under Rule 38 simply because Federal Rule of Civil Procedure 81(a)(6) explains that the Federal Rules govern "proceedings" unless and except the FAA (among other federal statutes) "provide other procedures."   Fed. R. Civ. P. 81(a)(6)(B).  On that issue, Defendants make a creditable argument that the demand provisions of Section 4 of the FAA simply provide "[an]other procedure[]" to demand a jury trial, parallel to that provided by Rule 38.  (Defs.' Opp'n at 14.) Plaintiff, by contrast, points to no convincing (much less binding) authority to suggest that Section 4 of the FAA

supersedes Rule 38 where Plaintiff has already made a jury

demand as to all issues.[3]

    Even more critically, though, this Court must recognize

that the Court of Appeals has, on two separate occasions,

directed this Court to proceed to a jury trial.  Indeed, in its

first decision remanding this action, the Court of Appeals

stated that,

> If, after presentation of the evidence uncovered
> during discovery, a genuine dispute of material fact
> remained, <u>the Court then should have submitted to a
> jury</u> (<u>if **either** party demanded one</u>) the factual
> question of whether Guidotti was aware of the
> arbitration clause in the Account Agreement at the
> time she signed and submitted the SPAA.

<u>Guidotti v. Legal Helpers Debt Resolution, L.L.C.</u>, 716 F.3d 764,

780 (3d Cir. 2013) (emphasis added).  In other words, the Court

of Appeals <u>expressly</u> recognized the propriety of a jury demand,

by either party, in the context of a summary trial under Section

4 of the FAA.[4]  Then, in the more-recent decision, the Court of

Appeals <u>again</u> explained that,

> If on remand the District Court <u>or a jury</u> should
> determine after appropriate fact finding that the
> parties formed an agreement to arbitrate, the question

---

[3] Rather, Plaintiff looks to one case, <u>Starr Elec. Co. v. Basic
Const. Co.</u>, 586 F. Supp. 964 (M.D.N.C. 1982), in which the Court
found, without explanation, Rule 38 inapplicable to the demand
provisions of Section 4 of the FAA, <u>because</u> the party resisting
arbitration did not timely request a jury trial.  <u>Id.</u> at 967.
This Court, however, cannot find that case determinative here.
[4] Plaintiff reads the "'either party'" reference as a "mistake,"
but provides no support for this Court to ignore its binding
language.  (Pl.'s Br. at 3.)

of whether <u>Atalese</u> and the Court's application of New Jersey's doctrine of unconscionability are preempted by the FAA will squarely present itself for our resolution

<u>Guidotti v. Legal Helpers Debt Resolution, L.L.C.</u>, 639 F. App'x 824 (3d Cir. 2016) (emphasis added).  In other words, the Court of Appeals explicitly recognized the potential jury trial right on the question for remand.

Against the backdrop of the Court of Appeals' decisions, and the paucity of authority identified by Plaintiff, the Court cannot conclude that Section 4 of the FAA prescribes the <u>exclusive</u> means of providing a jury trial in the context of summary arbitration proceedings.  For all of these reasons, Plaintiff's motion challenging Defendants' entitlement to a jury trial on the question of whether Plaintiff agreed to arbitration will be denied.  The accompanying Order will be entered.

**August 4, 2016**                    **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                      Chief U.S. District Judge