IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN GUIDOTTI, on behalf of herself and other class members similarly situated,<br><br>    Plaintiff,<br><br> v.<br><br>LEGAL HELPERS DEBT RESOLUTION, L.L.C., et al.,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 11-1219 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

 Present before the Court is Plaintiff Dawn Guidotti's (hereinafter "Plaintiff" or Ms. Guidotti") motion to certify this Court's August 4, 2016 Order for interlocutory appeal under 28 U.S.C. § 1292(b), as well as a motion for reconsideration of this Court's August 4, 2016 Opinion and Order requiring a jury trial to determine whether an agreement to arbitrate under the Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, exists.  For the following reasons, the Court denies both motions.

 1. **Background.**  In a March 7, 2016 Order, upon mandate from the Third Circuit, this Court ordered that the matter proceed to a jury trial on the issue of whether the parties entered an agreement to arbitrate. [Docket Item 184.]  On March 28, 2016, Plaintiff moved to amend the Court's Order because

Plaintiff "did not request a jury trial on this issue and the defendants have no right under the FAA to a jury trial on this issue." [Docket Item 186.]  The Court denied Plaintiff's motion to amend in an August 4, 2016 Order. [Docket Item 216.]

2.   **The Court's August 4, 2016 Opinion**.  In an Opinion of the same date, the Court reasoned that the Third Circuit has on two separate occasions[1] directed this Court to proceed to a jury trial, so as a result, the Court could not conclude that Section 4 of the FAA "prescribes the exclusive means of providing a jury trial in the context of summary arbitration proceedings." Guidotti v. Legal Helpers Debt Resolution, LLC, No. 11-1219, 2016 WL 4163547, at *3 (D.N.J. Aug. 4, 2016).  Moreover, the caselaw cited to by Plaintiff there "simply recognize[s] that the FAA permits the party allegedly in default of a binding arbitration clause to have the issue heard by a jury, and make[s] no mention of the parties' independent demand under Rule 38, Fed. R. Civ. P." Id. at *2.  Plaintiff had argued that even though it made a general jury demand in its Complaint under Rule 38, Fed. R. Civ. P., Section 4 of the FAA carves out a specific procedure for making a jury demand in the context of an

---

[1] See Guidotti v. Legal Helpers Debt Resolution, LLC, 639 F. App'x 824, 827 (3d Cir. 2016); Guidotti v. Legal Helpers Debt Resolution, LLC, 716 F.3d 764, 781 (3d Cir. 2013).

arbitration dispute, rendering inapplicable the demand under Rule 38. Id. at *1.

3. On August 18, 2016, Ms. Guidotti filed a motion seeking an interlocutory appeal of the Court's August 4, 2016 Order as well as a motion for reconsideration of the Court's August 4, 2016 Opinion and Order. [Docket Item 221].

4. **Plaintiff's Seeking of Leave to File Interlocutory Appeal.** Plaintiff first seeks leave to file an interlocutory appeal from this Court's August 4, 2016 Order pursuant to 28 U.S.C. § 1292(b).

5. **Standard of Review.** Under 28 U.S.C. § 1292(b), interlocutory review is only appropriate if the appeal (1) involves a "controlling question of law," (2) there is a "substantial ground for difference of opinion" about that question of law; and (3) where immediate appeal may materially advance the ultimate termination of the litigation. Simon v. United States, 341 F.3d 193, 199 (3d Cir. 2003).  A district court should only certify issues for interlocutory appeal "sparingly" and in "exceptional circumstances." Cardona v. General Motors Corp., 939 F. Supp. 352, 353 (D.N.J. 1996) (citation omitted); Hulmes v. Honda Motor Co., 936 F. Supp. 195, 208 (D.N.J. 1995).  To succeed, the petitioner bears the burden of demonstrating all three criteria. Levine v. United Healthcare Corp., 285 F. Supp. 2d 552, 556 (D.N.J. 2003).  As such, even if

3

a moving party meets all three criteria under Section 1292(b), the district court may still deny certification as the decision is entirely within the district court's discretion. Fiscus v. Combus Finance AG, No. 03-1328, 2006 WL 2845736, at *1 (D.N.J. Sept. 28, 2006)(citing Backowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976)).

6. **Controlling Question of Law.** First, a controlling question of law must encompass "at the very least every order which, if erroneous, would be reversible error on final appeal" or something "serious to the conduct of the litigation either practically or legally." Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974). Plaintiff argues that the Third Circuit's language that a party is entitled to a jury trial on the issue of whether there was an agreement to arbitrate was mere dictum. (Id. at 6.) Defendant argues in response that the Third Circuit has clearly spoken on this issue twice, so it would certainly not conclude that this Court's order complying with the Third Circuit's directives regarding a jury trial is somehow "erroneous." (Def. Br. at 9.)

7. The Court agrees with Plaintiff that the issue of whether Defendants are entitled to a jury trial on the question of whether the parties formed an agreement to arbitrate is a controlling question of law. The interpretation of a potential conflict between the FAA and the Federal Rules of Civil

4

Procedure qualifies as a controlling legal question because it is practically important to the litigation (i.e., whether the court holds a jury trial, a bench trial or an evidentiary hearing to determine whether an agreement to arbitrate exists), and thus would greatly impact the way in which a resolution of whether an agreement to arbitrate existed eventually occurs.

8.   **Substantial Ground for Difference of Opinion.** However, with respect to the second factor in the Section 1292(b) analysis, a difference of opinion "must arise out of genuine doubt as to the correct legal standard." P. Schoenfeld Asset Mgmt. v. Cendant Corp., 161 F. Supp. 2d 355, 360 (D.N.J. 2001)(emphasis added); see also Steel Partners II, L.P. v. Aronson, No. 05-1983, 2006 WL 3782656, at *4 (D.N.J. Dec. 22, 2006) (explaining that this factor is also met when there is "conflicting precedent" as to the correct legal standard). Simply disagreeing with the ruling does not satisfy this standard. Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996).  Plaintiff argues that this factor supports interlocutory review because several other out-of-circuit district courts have found that a general jury demand in a complaint does not obviate the need to specifically request a jury trial under Section 4 of the FAA. (Pl. Br. at 4.)[2]

---

[2] Plaintiff cites to Dalon v. Ruleville Nursing, No. 15-86, 2016 WL 498432, at *2 n. 3 (N.D. Miss. Feb. 8, 2016); King v. Capital

5

Defendants argue that this factor does not support interlocutory review because the Third Circuit has already contemplated this issue twice, and both times, it directed this Court to proceed to a jury trial. (Def. Br. at 6.)

9.  Here, there is no genuine doubt as to the correct legal standard in this case because the Third Circuit has already opined twice on this very issue.  Defendants' citing to three non-binding district court cases does not create a substantial ground for difference of opinion, especially when the Third Circuit has been so clear on the matter.  Other district courts have found that a party need not make a special jury demand under Section 4 despite any general jury demand in the pleadings. See, e.g., Graham v. Trugreen Landcare of Alabama, LLC, No. 11-2385, 2012 WL 2357677, at *4 n.7 (N.D. Ala. June 19, 2012) ("Whether the court or jury determines the arbitrability issue is up to the party objecting to the arbitration agreement . . . and Plaintiff has requested a jury trial in his Complaint.").  Plaintiff's argument effectively asks the Court to deem the Third Circuit's directives an error.  This Court declines to take such a position, as it is duty-bound

---

One Bank, No. 11-68, 2012 WL 4404862, at *1 (W.D. Va. Sept. 25, 2012), and Starr Elec. v. Basic Const., 586 F. Supp. 964, 967 (M.D.N.C. 1982) for the proposition that a party must make a special jury demand under Section 4 despite any general jury demand in the pleadings.

6

to apply the law as the Third Circuit has determined in this very matter.

10. **Materially Advance the Ultimate Termination of the Litigation.** An interlocutory appeal materially advances litigation if it (1) eliminates the need for trial, (2) eliminates complex issues so as to simplify the trial, or (3) eliminates issues to make discovery easier and less costly. F.T.C. v. Wyndham Worldwide Corp., 10 F. Supp. 3d 601, 635 (D.N.J. 2014)(citations omitted). Plaintiff argues that this factor supports interlocutory review because if the Court certifies the question, "the likelihood of an appeal or successful appeal by either side is greatly diminished and the case will most likely settle," so "[c]ertification will probably avert an abortive trial" and "be less expensive." (Pl. Br. at 7.) Defendant argues in response that any interlocutory appeal "will simply delay this proceeding" and "[r]egardless of how the appeal would be decided, the parties will still be required to try the issue." (Def. Br. at 12.)

11. An interlocutory appeal would not materially advance the instant litigation. The Court is not persuaded by Plaintiff's speculation as to what might happen if review is granted. Interlocutory appeal is not a settlement-inducing device. Whether the Third Circuit would decide that a jury trial, a bench trial, or an evidentiary hearing would be

7

appropriate, the case would still need to be tried; thus, any further delay is not appropriate. Plaintiff provides no indication that the current motion is anything more than an attempt to delay the case and avoid the necessary trial. See Averhart v. Communications Workers of America, No. 13-1093, 2016 WL 1162628, at *2 (D.N.J. Mar. 24, 2016)("Allowing Plaintiff to pursue an interlocutory appeal at this point would result in unnecessary delays that would draw out an already lengthy litigation process.") Plaintiff's request to certify the question for interlocutory review is therefore denied.

12. **Plaintiff's Motion for Reconsideration.** Plaintiff also requests that the Court reconsider its August 4, 2016 Opinion and Order because the FAA rule controls over the Federal Rules of Civil Procedure if the rules conflict, arguing that the Court overlooked this point. (Pl. Br. at 9.) Defendants argue that the Court's Order allowing for a jury trial should remain because it "follows with the remand directives of the Third Circuit." (Def. Br. at 7.)

13. **Standard of Review**. Local Civil Rule 7.1(i) governs the Court's review of the moving parties' motions for reconsideration. In order to prevail on a motion for reconsideration, the party seeking reconsideration must demonstrate either (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available

8

when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citations omitted); Andreyko v. Sunrise Sr. Living, Inc., 993 F. Supp. 2d 475, 477-78 (D.N.J. 2014) (same). More specifically, the moving party must set forth the "'dispositive factual matters or controlling decisions of law'" it believes the Court overlooked when rendering its initial decision. Mitchell v. Twp. of Willingboro Mun. Gov't, 913 F. Supp. 2d 62, 78 (D.N.J. 2012) (citation omitted).

    14. In that way, a party seeking reconsideration must meet a high burden. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994); Maldonado v. Lucca, 636 F. Supp. 621, 629 (D.N.J. 1986). Even more critically, though, reconsideration does not provide "an opportunity for a second bite at the apple," Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998), nor a vehicle "to relitigate old matters." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996). Indeed, mere disagreement with the court's decision – particularly its reasoning and distillation of the applicable law and facts – should be aired through the appellate process. See Andreyko, 993 F. Supp. 2d at 478; see also Shevline v. Phoenix Life Ins., No. 09-6323, 2015 WL 348552, at *1 (D.N.J. Jan. 23, 2015) (same).

9

15.  Plaintiff argues that the Court committed a clear error of law in that it should have relied on Rule 81(a)(6)(B), Fed. R. Civ. P. in order to fill any procedural gaps left open by the FAA, and not on Rule 38, Fed. R. Civ. P.  (Id. at 8.)  It relies on ISC Holding v. Nobel, 688 F.3d 98, 122 (2d Cir. 2012) for the proposition that Section 4 of the FAA's procedure for requesting a jury trial should apply under Rule 81(a)(6)(B)'s "other procedures" provision. (Id. at 9.)  Notwithstanding the fact that this opinion is out-of-circuit and that Plaintiff quotes from the dissenting opinion, that case is inapposite because it does not provide that the FAA must supersede the Federal Rules.

16.  In its August 4 Opinion, the Court agreed with Defendants' argument that "the demand provisions of Section 4 simply provide '[an]other procedure[]' to demand a jury trial, parallel to that provided by Rule 38." Guidotti, 2016 WL 4163547, at *2.  Further, Section 4 of the FAA is clear that it is triggered only "if no jury trial be demanded by the party alleged to be default." 9 U.S.C. § 4.  Thus, "Section 4 does not apply here." Guidotti, 2016 WL 4163547, at *2.  Plaintiff provides no further justification that this holding was a clear error of law, and her mere disagreement with the Court's decision does not meet the standard for reconsideration.  Thus,

the court denies Plaintiff's motion for reconsideration of this Court's August 4, 2016 Opinion and Order.

    17.  An accompanying Order will be entered.


 **January 9, 2017**                    **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                        Chief U.S. District Judge