IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN GUIDOTTI, on behalf of herself and other class members similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>GLOBAL CLIENT SOLUTIONS, LLC and ROCKY MOUNTAIN BANK & TRUST OF COLORADO SPRINGS, COLORADO,<br><br>                Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 11-1219 (JBS/KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

Presently before the Court are the two remaining sub-motions to the First Motion in limine by Plaintiff Dawn Guidotti (hereinafter "Plaintiff")[Docket Item 249] regarding the upcoming jury trial[1] on the narrow issue of whether Plaintiff agreed to arbitrate with Defendant Global Client Solutions, LLC.[2] For the following reasons, the Court denies both sub-motions.

---

[1] This case is scheduled for a jury trial before the undersigned beginning on May 1, 2017.

[2] Plaintiff submitted a motion in limine "to limit the issue set forth in the Joint Final Pretrial Order that are to be submitted to the jury," but this motion included five submotions. [Docket Item 249.] This Memorandum Opinion only concerns the second and fifth submotions. Plaintiff's remaining three submotions, as well as the other outstanding motions in limine, were addressed at the April 24, 2017 telephone conference. [Docket Item 269.]

1. **Assent by Conduct.** First, Plaintiff requests that Defendants' Issues #3 and #4, as well as Plaintiff's Issue #4 set forth in the Joint Final Pretrial Order ("JFPTO") are issues of law for the Court to decide, not factual issues for the jury. Defendants' Issue #3 states:

> Whether Guidotti accepted and assented to the arbitration agreement when she used her Special Purpose Account (SPA) after receiving the [Account Agreement and Disclosure Statement] AADS which contained the arbitration agreement.

Defendants' Issue #4 states:

> Whether Guidotti ratified the AADS, including the arbitration provision contained therein, by her use of the SPA.

Finally, Plaintiff's Issue #3 states:

> Whether Plaintiff's actions in reference to the SPA after receiving the AADS manifested assent by plaintiff to the terms and provisions of the AADS and whether Global and Rocky could unilaterally amend the terms thereof.

At oral argument, the Court rephrased these issues as "whether Ms. Guidotti assented to the arbitration agreement through her performance under the party's contract." (4/24/17 Tr. at 4:9-11.) Plaintiff argues that there is nothing here for the jury to determine because the Court must decide whether a contract was formed, regardless of how Defendants characterize the timeline in this case. Defendants respond that Plaintiff is "effectively seeking to re-hash the arguments made at the summary judgment stage of this case and have the Court determine as a matter of law issues the Third Circuit clearly stated must

2

be determined by the factfinder, a jury in this case."[3] The Court agrees with Defendants, as the jury alone must determine whether Plaintiff agreed to arbitrate with Defendants, not the Court.

2.  Additionally, Plaintiff has failed to explain why these issues of assent also appear in its "Contested Facts" portion of the JFPTO. See, e.g., Docket Item 199 at 3 ("Plaintiff did not manifest any clear intention by her actions after receiving the AADS to accept the terms of the AADS and neither the SPAA or AADS permitted unilateral amendment of their terms."); Id. ("The arbitration clause in the AADS was not sufficiently clear to manifest an assent to arbitration."). The Court therefore agrees with Defendants that "the jury cannot decide whether the agreement between Guidotti and Defendants contains an arbitration provision without making factual determinations about whether Guidotti manifested her assent to the terms of the Account Agreement and Disclosure Statement." (Opp'n at 9.) If the Court were to take away these issues from

---

[3] Defendants point to language in Guidotti v. Legal Helpers Debt Resolutions, L.L.C., 639 F. App'x 824, 827 (3d Cir. 2016) stating: "[T]he resolution of this question [of preemption] is unnecessary if Guidotti never received the AADS or otherwise failed to assent to arbitrate her claims. Accordingly, we will vacate the District Court's order denying Global and RMBT's motion and remand with instructions to resolve this factual dispute."

3

the jury, it would be unclear what else would be left for the jury to decide.  This contradicts the letter and the spirit of the Third Circuit's instructions in this matter; thus, the Court denies Plaintiff's motion in limine to the extent it seeks to keep issues of assent from the jury.

    3.    **Incorporation by Reference.** Next, Plaintiff argues that the issue of whether the Account Agreement and Disclosure Statement was incorporated by reference into the SPAA is a question of law for the Court, not a question of fact for the jury. Courts generally hold that incorporation by reference is a question of law. See, e.g., Northrop Grumman Info. Tech, Inc. v. United States, 535 F.3d 1139, 1343 (Fed Cir. 2008); see also 11 Richard A. Lord, Williston on Contracts § 30:25 (4th ed. 1999)(observing that terms of a contract may be expressed in separate documents and the determination of which terms are incorporated into the contract is a question of law).[4] Defendants respond that whether the SPAA incorporated the AADS by reference is a factual issue because "in order for the jury to make a determination whether the SPAA incorporated the AADS by

---

[4] Under New Jersey law,"[i]n order for there to be a proper and enforceable incorporation by reference of a separate document, the document to be incorporated must be described in such terms that its identity may be ascertained beyond doubt and the party to be bound by the terms must have had 'knowledge of and assented to the incorporated terms.'" Alpert v. Quinn, 410 N.J. Super. 510, 533 (App. Div. 2009).

reference the jury will have to make a threshold factual finding [that] the SPAA referenced the AADS, a determination driven by documentary evidence and testimony about the respective parties' actions." (Opp'n at 13.) In Safeway, Inc. v. Nordic PCL Const., Inc., 312 P.3d 1224, 1236 (Haw. App. 2013), which the parties discussed at the April 24th hearing, the court concluded as a matter of law that the relevant documents were incorporated by reference, but acknowledged that "[i]f, however, because of the existence of genuine issues of material fact, it could not conclude either way as a matter of law, then it would remain to resolve those factual issues in order to answer the question of incorporation." Id. at 1235.

4. Here, whether Plaintiff had knowledge and assented to the AADS incorporation are factual questions that the jury must decide in order to determine whether Plaintiff agreed to arbitrate with Defendant. While the Court understands that incorporation by reference is generally a question of law where the answer is to be provided by construction of the contract's terms, such is not the circumstance here; given the unique procedural posture of this case, the Court finds that there are factual issues precluding a determination by this Court that the SPAA incorporated the AADS as a matter of law, if the AADS was unknown to Plaintiff at the time she accepted the SPAA's terms. When the acceptance occurred, and whether Plaintiff had

5

knowledge of the provisions of the AADS, are matters in factual dispute, as the Third Circuit's opinion recognizes.  Therefore, the Court denies Plaintiff's motion in limine regarding incorporation by reference.

    5.   The accompanying Order will be entered.


**April 26, 2017**                        **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                           Chief U.S. District Judge